IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION                MDL No. 2327

---

THIS DOCUMENT RELATES TO:

*Robin E. Whittaker v. Ethicon, Inc., et al.*          Civil Action No. 2:12-cv-07077

## MEMORANDUM OPINION AND ORDER

Pending before the court is Ethicon, Inc., Ethicon, LLC, and Johnson & Johnson's (collectively "Ethicon") Motion to Dismiss or for Other Relief [ECF No. 22]. The plaintiff has responded [ECF No. 24], and Ethicon has replied [ECF No. 25]. Thus, this matter is now ripe for my review. For the reasons stated below, Ethicon's Motion to Dismiss [ECF No. 22] is **DENIED**.

I.  Background

The defendants move to dismiss this case because the plaintiff failed to provide a complete Plaintiff Fact Sheet ("PFS"). This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In the seven MDLs, there are over 60,000 cases currently pending, approximately 28,000 of which are in the Ethicon MDL, MDL 2327. Managing multidistrict litigation requires the court to streamline certain litigation procedures

in order to improve efficiency for the parties and the court. Some of these management techniques simplify the parties' discovery responsibilities.

For example, pursuant to Pretrial Order ("PTO") # 17, where a plaintiff's case is chosen for individual discovery, the plaintiff must submit a completed PFS. PTO # 17 at ¶ 2(a), *In re: Ethicon Pelvic Repair System Prods. Liab. Litig.*, No. 2:12-md-002327, [ECF No. 281], entered Oct. 4, 2012, *available at* http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html. If the plaintiff fails to comply with these PFS obligations, he or she may be subject to sanctions. *Id.* at ¶ 2(d).

As a part of this MDL, I ordered the plaintiffs and defendants to select 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson or allege claims only against the Ethicon defendants' products. Once selected, those cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded back to the appropriate court. The instant case was selected as an Ethicon Wave 5 case that is governed by discovery deadlines set forth in PTO # 248, *In re: Ethicon Pelvic Repair System Prods. Liab. Litig.*, No. 2:12-md-002327, [ECF No. 3398], entered Feb. 21, 2017, *available at* http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html. Pursuant to PTO # 248, the plaintiff was to complete and serve a PFS on Ethicon by March 22, 2017. *Id.* at 1. According to Ethicon, the plaintiff, Ms. Robin E. Whittaker, failed to submit a PFS within the court-ordered timeframe for service pursuant to PTOs # 17 and # 248. As

of this date, the plaintiff has still failed to submit the PFS to Ethicon. On this basis, Ethicon moves to dismiss Ms. Whittaker's case with prejudice.

## II. Legal Standard

Federal Rule of Civil Procedure 37(b)(2) allows a court to sanction a party for failing to comply with discovery orders. *See* Fed. R. Civ. P. 37(b)(2) (stating that a court "may issue further just orders" when a party "fails to obey an order to provide or permit discovery"). Before levying a harsh sanction under Rule 37, such as dismissal or default, a court must first consider the following four factors identified by the Fourth Circuit Court of Appeals:

> (1) Whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503–06 (4th Cir. 1977)).

In applying these factors to the case at bar, I must be particularly cognizant of the realities of multidistrict litigation and the unique problems an MDL judge faces. Specifically, when handling seven MDLs, each containing thousands of individual cases, case management becomes of utmost importance. *See In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006) (emphasizing the "enormous" task of an MDL court in "figur[ing] out a way to move thousands of cases toward resolution on the merits while at the same time respecting their individuality"). I must define rules for discovery and then strictly adhere to

those rules, with the purpose to ensure efficient pretrial litigation. *See id.* at 1232 ("[T]he district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial."); *see also* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). In turn, counsel must collaborate with the court "in fashioning workable programmatic procedures" and cooperate with these procedures thereafter. *In re Phenylpropanolamine*, 460 F.3d at 1231–32. Pretrial orders—and the parties' compliance with those orders and the deadlines set forth therein—"are the engine that drives disposition on the merits." *Id.* at 1232. And a "willingness to resort to sanctions" in the event of noncompliance can ensure that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation. *Id.*; *see also Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administrate the litigation effectively. This necessarily includes the power to dismiss cases where litigants do not follow the court's orders.").

### III. Discussion

The plaintiff was required to submit the PFS to Ethicon by March 22, 2017, pursuant to PTO # 248. The plaintiff has still failed to produce a PFS to Ethicon.

In response, plaintiff's counsel claim, despite their best efforts, they are unable to get in contact with Ms. Whittaker. Despite six phone calls and nine emails over a

4

sixteen day period, plaintiff's counsel have not been able to correspond with Ms. Whittaker. Given their efforts in contacting the plaintiff and the fact that the plaintiff's discovery deficiency does not indicate bad faith, plaintiff's counsel asks that this court deny Ethicon's motion.

Ethicon seeks dismissal with prejudice of the plaintiff's case. Applying the *Wilson* factors to these facts and bearing in mind the unique context of multidistrict litigation, I conclude that although recourse under Rule 37 is justified, dismissal is not appropriate at this time.

The first factor, bad faith, is difficult to ascertain; the plaintiff failed to timely serve a PFS and has not had any recent contact with her counsel. Without question, the plaintiff has an obligation to actively pursue her case. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 n.10 (1962) ("[A] civil plaintiff may be deprived of his claim if he failed to see to it that his lawyer acted with dispatch in the prosecution of his lawsuit."). Furthermore, as set forth in PTO # 4, "[a]ll attorneys representing parties to this litigation . . . bear the responsibility to represent their individual client or clients." PTO # 4 at ¶ C, *In re: Ethicon Pelvic Repair System Prods. Liab. Litig.*, No. 2:12-md-002327, [ECF No. 120], entered Apr. 17, 2012, *available at* http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html. This includes awareness of and good faith attempts at compliance with all PTOs and other court orders. PTO # 17—*which was jointly drafted by the leadership counsel of both parties*—expressly states that failure to timely submit a PFS could result in sanctions. Although the failure to comply may not be callous, the fact that the plaintiff disregarded the

requirements of PTOs # 17 and 248, in full knowledge of the court's orders and discovery deadlines, leads me to weigh the first factor against her. *See In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007) ("While not contumacious, perhaps, this is a blatant disregard for the deadlines and procedure imposed by the court, [and t]herefore, we conclude that the [plaintiffs] did not act in good faith.").

The second factor—prejudice caused by noncompliance—also leans toward assessing sanctions. The delay in completing the PFS "prejudice[s] the defendants' ability to proceed with the cases effectively." *In re Phenylpropanolamine*, 460 F.3d at 1234. This is particularly true in a wave case with imminent deadlines. Furthermore, because Ethicon has had to divert attention away from timely plaintiffs and onto Ms. Whittaker, the delay has unfairly impacted the progress of the remaining cases in MDL 2327.

The adverse effect on the management of the MDL as a whole segues to the third factor, the need to deter this sort of noncompliance. When parties fail to comply with deadlines provided in pretrial orders, a domino effect develops, resulting in the disruption of other MDL cases. This cumbersome pattern goes against the purpose of MDL procedure, and I must deter any behavior that would allow it to continue. *See* H.R. Rep. No. 90-1130, at 1 (1967), *reprinted in* 1968 U.S.C.C.A.N. 1898, 1901 (stating that the purpose of establishing MDLs is to "assure the uniform and expeditious treatment" of the included cases).

Application of the first three factors demonstrates that this court is justified in sanctioning the plaintiff. But imposing Ethicon's requested sanction of dismissal or $100 for each day the plaintiff's PFS is late would offend the court's duty under *Wilson*'s fourth factor, which is to consider the effectiveness of lesser sanctions. Accordingly, the court opts for a lesser sanction and allows Ms. Whittaker one more chance to comply with PTO # 17 subject to dismissal with prejudice, upon motion by the defendants, if she fails to do so.

Alternative lesser sanctions, such as the ones proposed in Rule 37(b)(2)(i–iv), are simply impracticable and ineffective in the context of an MDL containing over 28,000 cases. The court cannot spare its already limited resources enforcing and monitoring sanctions that are qualified by the individual circumstances of each case, nor would it be fair for the court to place this responsibility on Ethicon. Therefore, considering the administrative and economic realities of multidistrict litigation, I conclude that affording Ms. Whittaker a final chance to comply with discovery, subject to dismissal with prejudice if she fails to do so, is a "just order" under Rule 37 and in line with the Federal Rules of Civil Procedure as a whole. *See* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

### IV. Conclusion

For the reasons stated above, it is **ORDERED** that Ethicon's Motion to Dismiss or for Other Relief [ECF No. 22] is **DENIED.** It is **ORDERED** that the plaintiff has

until May 19, 2017, to serve a signed and authorized PFS on Ethicon. Failure to comply with this Order will result in dismissal with prejudice upon motion by the defendant. Finally, it is **ORDERED** that plaintiff's counsel send a copy of this Order to the plaintiff via certified mail, return receipt requested, and file a copy of the receipt.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: April 19, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE